IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SELECT SECURITIES EUROPE S.À R.L. A LUXEMBOURG LIMITED LIABILITY COMPANY <br><br> Plaintiff, <br><br> vs. <br><br> LURIN CAPITAL LLC, WLB FAMILY PRIVATE INVESTMENT HOLDINGS LLC, JON P. VENETOS, ASHLEY S. VENETOS <br><br> Defendants. | Civil Action No.: 25-2264 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff SELECT SECURITIES EUROPE S.À R.L. a Luxembourg Limited Liability Company ("Select Securities" or "Plaintiff") files its Original Complaint against Defendants LURIN CAPITAL LLC ("Lurin Capital"), WLB FAMILY PRIVATE INVESTMENT HOLDINGS LLC ("WLB"), JON P. VENETOS ("J. Venetos"), and ASHLEY S. VENETOS ("A. Venetos"), (collectively "Defendants" or "Guarantors") for breach of contract due to Defendants' failure to pay loan obligations. In support thereof, Plaintiff respectfully shows as follows:

## I.
## PARTIES

1. Plaintiff Select Securities is a Luxembourg limited liability company with its registered address at 22-24 Boulevard Royal, L-2449 Luxembourg, Grand

Duchy of Luxembourg. For purposes of diversity jurisdiction, Select Securities is a citizen of every state or foreign country of which its members are citizens. Select Securities' sole member is Select Platform Holdings S.À R.L., a Luxembourg limited liability company. Select Platform Holdings S.À R.L. has three members: (i) Martin Lechner, a citizen of Germany; (ii) Maximilian Hoenigsmann, a citizen of Austria; and (iii) Lutz Pablo Bachmann, a citizen of Switzerland. Accordingly, Select Securities is deemed a citizen of Germany, Austria, and Switzerland for diversity jurisdiction purposes.

2. Defendant Lurin Capital is a real estate redevelopment company organized as a limited liability company, with its principal place of business at 2101 Cedar Springs Road, Suite 1235, Dallas, Texas 75201. For purposes of diversity jurisdiction, Lurin Capital is a citizen of the state in which its members are citizens. Lurin Capital is a single-member LLC. Its sole member and owner is Defendant J. Venetos, who also serves as the Founder and Chief Executive Officer of the company. Accordingly, Lurin Capital is a citizen of the state of which J. Venetos is a citizen. Defendant A. Venetos, who serves as Co-Founder and Head of Partner & Client Group, holds no membership interest in Lurin Capital. Lurin Capital maintains a registered agent for service of process in Austin, Texas

3. Defendants J. Venetos and A. Venetos currently reside in Aspen, Colorado; however, both are domiciled in and therefore citizens of the State of Texas for purposes of diversity jurisdiction.

4. Defendant WLB is a Delaware limited liability company with its

principal place of business at 2850 N. Harwood Street, Suite 1700, Dallas, Texas 75201. For purposes of diversity jurisdiction, WLB is a citizen of every state in which its members are citizens. The sole members of WLB are Defendants J. Venetos and A. Venetos, both of whom are citizens of the State of Texas. Accordingly, WLB is a citizen of Texas.

## II.
## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and because there is complete diversity of citizenship of the parties. interest and costs, and because there is complete diversity of citizenship of the parties.

6.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because it is the judicial district where a substantial part of the events or omissions giving rise to the claims occurred.

7.     This Court has personal jurisdiction over Defendants because the claims asserted in this lawsuit arise out of Defendants' business activities in Texas. Complete diversity exists because Plaintiff Select Securities is deemed a citizen of Germany, Austria, and Switzerland, while Defendants Lurin Capital and WLB,

through their members J. Venetos and A. Venetos, are citizens of Texas. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2).

## III.
## FACTUAL ALLEGATIONS

8. Between April 6, 2021 and June 12, 2022, Plaintiff issued a total of 15 loans to 15 affiliated borrowers (the "Borrowers"), with each borrower taking one of the 15 loans. Exh. A-O.

9. The loans totaled a principal amount of $40,535,000.00 (forty million and five hundred thirty-five thousand dollars) plus interest. *Id*.

10. Each loan was secured by an all-asset pledge by the corresponding borrower of the loan and Defendant WLB. Further, Defendants WLB, Lurin, J. Venetos, and A. Venetos signed personal guarantees for each of the 15 loans.[1] *Id*.

11. The Borrowers were required to make quarterly interest payments on each loan.

12. On or around July 2023, the Borrowers defaulted on their agreed interest payments. Around this same time, Defendants WLB, Lurin, J. Venetos, and A. Venetos also failed to maintain their agreed corresponding obligations.

13. In an effort to resolve the deficiencies, Plaintiff sent a non-waiver default notice to Defendants on December 18, 2023.

14. To date, Defendants have failed to enter into a modification agreement

---

[1] WLB is the sole member of each Borrower and owns, beneficially and of record, 100% of the membership interests. J. Venetos and A. Venetos are the only members of WLB and each of them owns, beneficially and of record, 50% of the membership interests. J. Venetos and A. Venetos also own 100% of the membership interests in Lurin Capital.

and have ceased making the required interest payments under the original loans.

15. As of August 19, 2025, $10,687,538.00 (ten million and six hundred eighty-seven thousand five hundred thirty-eight dollars) in interest payments are still outstanding.

16. All 15 loans have fully matured and the principal balance of $40,535,000.00 (forty million and five hundred thirty-five thousand dollars) remains outstanding.

## IV.
## CONDITIONS PRECEDENT

17. All conditions precedent have been performed or have occurred.

18. All 15 loans were fully matured by December 16, 2024.

## V.
## CAUSES OF ACTION
## COUNT 1: BREACH OF CONTRACT

19. Plaintiff hereby incorporates and realleges the allegations set forth above as if fully stated herein.

20. Plaintiff and Defendants entered into enforceable contracts/guarantees – there were 15 individual loan agreements, and Defendants signed personal guarantees for all 15 individual loan agreements.

21. Defendants had an enforceable contractual duty to make timely interest payments toward the loan obligations.

22. Defendants breached their contractual duty by failing to make timely payments towards the balance due.

23. In addition, Defendants breached their contractual duty to maintain correspondence with Plaintiff after the loans became deficient.

24. Accordingly, Defendants are in default and Plaintiff has properly accelerated the loans/guarantees.

25. Defendants have failed to pay the accelerated loan obligations or refinance the loans.

26. Defendants' breach of contract has directly and proximately caused damage to Plaintiff.

27. Therefore, Defendants have committed an actionable breach of contract and are liable to Plaintiff for the full principal and interest balance due to each loan, all unpaid late fees, costs, expenses, pre-judgment interest, post-judgment interest, and attorneys' fees.

## VI.
## ATTORNEYS' FEES

28. Plaintiff hereby incorporates and realleges the allegations set forth above as if fully stated herein.

29. Plaintiff is entitled to recover its attorneys' fees and costs of collection pursuant to the loan agreements and Texas statutes, including TEX. CIV. PRAC. & REM. CODE ANN. § 38.001, et seq. and Tex. Prop. Code §§ 28.005, 53.156, as well as any fees incurred on appeal of this matter.

30. As a result of Defendants' failure to pay, Plaintiff has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Defendants.

31.  Plaintiff is likely to incur substantial additional attorneys' fees as this case is litigated and prepared for trial, which shall also be the responsibility of Defendants.

32.  Plaintiff is entitled to recover its attorneys' fees and costs in an amount to be proven at trial.

## VII.
## PRAYER

WHEREFORE, Plaintiff SELECT SECURITIES EUROPE S.À R.L. a Luxembourg Limited Liability Company respectfully requests that this Court enter judgment against Defendants LURIN CAPITAL LLC, WLB FAMILY PRIVATE INVESTMENT HOLDINGS LLC, JON P. VENETOS, and ASHLEY S. VENETOS for the following relief:

(1) Actual damages, jointly and severally against Defendants, in an amount within the jurisdictional limits of this Court;

(2) Reasonable and necessary attorneys' fees;

(3) All other relief in equity and law to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Kimberly P. Harris*
**KIMBERLY P. HARRIS**
State Bar No. 24002234
**ALEXANDRIA EPPS**
FL State Bar No. 1002739
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 Fax
kharris@qslwm.com
aepps@qslwm.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system Federal Rules of Civil Procedure.

*/s/ Kimberly P. Harris*

Kimberly P. Harris